IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MILLS, | ) | CASE NO. 1:13 CV 1059 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of John Mills for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Mills was convicted at a jury trial in 2010 of complicity to commit murder, aiding and abetting involuntary manslaughter, and aiding and abetting felonious assault; he was then sentenced by the Richland County Court of Common Pleas to an aggregate term of fifteen years to life.[3] He is now incarcerated by the State of Ohio under that conviction at the Trumbull Correctional Institution.[4]

In his petition, Mills raises four grounds for relief.[5] The State, in its return of the writ, asserts that three grounds should be dismissed as not cognizable in a federal habeas

---

[1] ECF # 5.

[2] ECF # 1.

[3] ECF # 9, Attachment at 5-8.

[4] ECF # 1 at 1.

[5] *Id.* at 5, 6, 8, 9.

proceedings and/or as procedurally defaulted and the remaining ground should be denied.[6] Mills has filed a traverse in which he seeks an evidentiary hearing.[7]

For the reasons set forth below, I will recommend that the request for an evidentiary hearing be denied, and that the petition be dismissed in part and denied in part.

## Facts

### A.    Background facts, trial, and sentence

The underlying facts as found by the appellate court[8] arise from what the court itself called a "convoluted and confusing" situation involving an argument between two neighboring families with a long history of hostility toward each other.[9] Essentially, this animosity manifested itself during the evening of August 27, 2009, when an incident of "cussing and name calling" escalated into rock throwing, which resulted in the breaking of a tail light on a car owned by Mills's son.[10] Mills's two sons immediately drove away in that vehicle and then returned to the scene of the dispute with Mills, who was carrying a heavy walking stick while each of his sons carried a board.[11] In the melee that followed, Mills's

---

[6] ECF # 9 at 17-22.

[7] ECF # 15.

[8] The relevant facts were found by the Ohio appeals court on its review of the record and are thus presumed correct by the federal habeas court.

[9] ECF # 9, Attachment at 120.

[10] *Id.* at 121.

[11] *Id.*

father, James Mills, was killed by Mills's son, Kameron, who swung a board at his grandfather while he was trying to stop the fighting.[12]

Mills was indicted on one count of aiding and abetting a murder, one count of aiding and abetting involuntary manslaughter, one count of aiding and abetting a felonious assault, and one count of felonious assault.[13] After a jury trial where the appellate court found the evidence showed that Mills was "the leader" and "undeniably the aggressor" in the fight, and one who "solicited," "encouraged," and "incited his sons to participate in the melee,"[14] the jury found Mills guilty on all charges except the felonious assault count without the aiding and abetting language.[15] On September 14, 2009, the trial court merged the murder and involuntary manslaughter convictions and then sentenced Mills to an aggregate term of fifteen years to life in prison.[16]

---

[12] *Id.* at 120, 121, 124,127.

[13] *Id.* at 1.

[14] *Id.* at 128.

[15] *Id.* at 113.

[16] *Id.*

**B.      Direct appeals**

*1.      Ohio court of appeals*

On October 11, 2009, Mills, through the same counsel as represented him at trial, timely appealed[17] his conviction and sentence.[18] In his brief, Mills raised the following three assignments of error:

ASSIGNMENT OF ERROR I: APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTIONS AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM FAILURE TO EFFECTIVELY OBJECT TO OR LIMIT PREJUDICIAL "OTHER ACTS" EVIDENCE; OR IN THE ALTERNATIVE, IT WAS PLAIN ERROR TO PERMIT THE STATE'S GRATUITOUS USE OF SUCH EVIDENCE.

ASSIGNMENT OF ERROR II: APPELLANT'S CONVICTION ON CHARGES OF FELONY MURDER AND INVOLUNTARY MANSLAUGHTER ARE CONTRARY TO THE MANIFEST WEIGHT AND SUFFICIENCY OF EVIDENCE PRESENTED AT TRIAL, THUS DENYING APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION AND UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR III: THE TRIAL COURT'S REFUSAL TO INSTRUCT THE JURY THAT IT COULD CONSIDER SELF DEFENSE AS TO COUNTS I AND II CONSTITUTES ABUSE OF DISCRETION, OR IN THE ALTERNATIVE, PLAIN ERROR, THUS DEPRIVING APPELLANT OF DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH

---

[17] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[18] ECF # 9, Attachment at 9-11.

-4-

AMENDMENTS TO THE U.S. CONSTITUTION AND UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.[19]

The State filed a brief if opposition.[20] The Ohio appeals court on November 2, 2011, then overruled all the assignments of error and affirmed the judgment of the trial court.[21]

## 2.     *Supreme Court of Ohio*

On December 19, 2011, now represented by the Ohio Public Defender, Mills timely filed an appeal in the Supreme Court of Ohio.[22] In the memorandum in support of jurisdiction, Mills asserted the following two propositions of law:

> Proposition of Law I: When the state cannot clearly explain or establish how a defendant's underlying felony proximately caused a death, there is insufficient evidence to hold him culpable for that homicide, and such a conviction violates his right to due process of the law.

> Proposition of Law II: When a majority of appellate judges cannot agree which felony is the predicate felony for a conviction of felony murder, the appellate court cannot affirm a conviction as being supported by sufficient evidence.[23]

---

[19] *Id.* at 13.

[20] *Id.* at 71- 111.

[21] *Id.* at 112-144. A subsequent *nunc pro tunc* entry by the appeals court corrected the name of Mills's counsel on the cover page. *Id.* at 145.

[22] *Id.* at 179-80.

[23] *Id.* at 183.

The State filed a memorandum opposing jurisdiction,[24] and on March 7, 2012, the Supreme Court of Ohio denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[25]

## C.    Motion to reconsider the appeal

On April 9, 2013 – or approximately a year and a half after the appeals court decision in this matter – Mills, *pro se*, filed a motion pursuant to Ohio Appellate Rule 26(A) to reconsider the appeal.[26] The State moved to dismiss the motion as untimely because the applicable rule requires filing of a motion for reconsideration within ten days of the judgment sought to be reconsidered.[27] Mills filed a response, arguing that his status as a "lay person" should entitle his motion to be heard on merits.[28] The appeals court dismissed the motion as untimely filed on April 25, 2013.[29]

---

[24] *Id.* at 228-42.

[25] *Id.* at 243.

[26] *Id.* at 244-46.

[27] *Id.* at 247-48.

[28] *Id.* at 249-50

[29] *Id.* at 251.

## D. Federal habeas petition

Mills timely filed[30] the present petition for habeas relief which sets forth the following

four grounds for relief:

> **GROUND ONE:**
> **Supporting Facts:** The petitioner is actual innocent of felony murder and of aiding and abetting involuntary manslaughter. The indictment and Bill fo Particulars lack any predicate felony offense to convict of felony murder. The petitioner had no control over the perpetrator who acted against the victim.[31]
>
> **GROUND TWO:**
> **Supporting Facts:** There is insufficient evidence to sustain the conviction of homicide/murder as the petitioner is in violation of involuntary manslaughter under Ohio law.
>
> **GROUND THREE:**
> **Supporting Facts:** The petitioner was deprived of the effective assistance of counsel in all critical stages of his trial.
>
> **GROUND FOUR:**
> **Supporting Facts:** The petitioner was prejudiced to a fair trial without receiving jury instruction to his self defense. The petitioner has a right to instruction on self defense.

## E. Post-conviction petitions

After Mills filed his federal habeas petition, he filed three *pro se* motions for

postconviction relief, all on May 13, 2013.

---

[30] Mills placed the petition into the prison mail system on April 25, 2013 and it was docketed in this Court on May 9, 2013. ECF # 1 at 1, 13. Although, as noted, the Supreme Court of Ohio denied Mills' direct appeal on March 7, 2012, the one-year federal habeas limitations provision does not start until the 90-day period for filing a petition for a writ of certiorari with the United State Supreme Court has elapsed, whether or not the petition actually files such a petition. Thus, because the federal limitations period here did not commence until June 6, 2012, the present petition is timely filed.

[31] ECF # 1 at 5, 6, 8, 9.

First, Mills asked the trial court to void the judgment against him.[32] Mills argued that although the issue of the reliability of witness identification was not raised at trial, the court should nonetheless take judicial notice of a new law that would change the methods of creating a photo array.[33] Mills asserted that because the photo array in his case was created under the prior rubric, it was unreliable and should not be relied on to support his conviction.[34]

Next, Mills filed a motion for a declaratory judgment against the State, arguing that the State lacks any basis to keep him in custody because the conviction is constitutionally void.[35]

Finally, he filed a motion under Rule 60(B) for relief from judgment and asked for an evidentiary hearing.[36] The stated basis for the motion is confusing, in that Mills, who was convicted at a jury trial, continually refers to claims that his attorney's ineffectiveness resulted in a "plea that was not made knowingly as neither trial counsel nor the trial court elaborated on the Constitutional Rights being given up" in a plea.[37] Mills contends that if he

---

[32] ECF # 9, Attachment at 252.

[33] *Id.* at 253.

[34] *Id.* at 253-55.

[35] *Id.* at 256-60.

[36] *Id.* at 261-64.

[37] *Id.* at 263.

had known the ramifications of a plea, "no plea agreement would have been sought" in this case.[38]

A review of the docket of the Richland County trial court shows that the motion for relief from judgment was denied on February 21, 2014.[39]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Mills is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Mills meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[40]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[41]

3.    In addition, Mills states,[42] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[43]

---

[38] *Id.* at 264.

[39] *See*, http://richlandcourtsoh.us

[40] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[41] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[42] ECF # 1 at 11.

[43] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[44]

5.      Mills has not requested the appointment of counsel,[45] but, as noted, he has requested an evidentiary hearing.[46]

In addition, none of Mills's three postconviction petitions have any effect on the present federal habeas petition. Simply put, none of the issues raised in the three motions are the same as the grounds for relief raised in the habeas petition. Thus, there is no question as to whether the postconviction motions are part of an attempt to exhaust state remedies for a federal habeas claim.

Although the State takes the view that, if Mills's petition is seen as a mixed petition involving unexhausted claims, it must be dismissed because the three postconviction motions are plainly without merit,[47] I recommend finding that none of the postconviction petitions involve any asserted habeas claim and so are not relevant to proceeding to an adjudication of the petition.

---

[44] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[45] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[46] ECF # 15. 28 U.S.C. § 2254(e)(2).

[47] ECF # 9 at 15-17.

-10-

**B.     Standards of review**

*1.     AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[48]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[49] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[50] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[51]

---

[48] 28 U.S.C. § 2254(d).

[49] *Williams v. Taylor*, 529 U.S. 362 (2000).

[50] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[51] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[52] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[53]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[54] and "highly deferential" to the decision of the state court.[55] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[56] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[57]

---

[52] *Williams*, 529 U.S. at 411.

[53] *Id.* at 409.

[54] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[55] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[56] *Richter*, 131 S. Ct. at 786.

[57] *Id.* at 786-87.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[58]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[59] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[60] In such circumstances, the federal habeas court must give deference to the decision of the state court.[61]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[62]

---

[58] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[59] *Richter*, 131 S. Ct. at 784-85.

[60] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[61] *Brown*, 656 F.3d at 329.

[62] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

-13-

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[63]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[64]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[65] In addition, a showing of actual innocence may also excuse a procedural default.[66]

---

[63] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[64] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[65] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[66] *Id.*

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[67] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[68] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[69]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[70] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[71]

## C.    Application of standards

### 1.    *Ground one should be dismissed as procedurally defaulted*

As the State notes, neither the claim of actual innocence nor the assertion that the bill of particulars was defective in any way was presented to the Ohio courts during the direct

---

[67] *Id.* at 753.

[68] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[69] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[70] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[71] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

review proceedings.[72] As such, they cannot now be raised for the first time to the federal habeas court, and so are liable to dismissal as procedurally defaulted.

Mills has made no attempt to provide cause and prejudice to excuse the procedural default. Nor does the mere assertion of actual innocence justify excusing the procedural default. Mills has shown no new evidence, not available at trial, going to his actual innocence – not legal innocence – of the offenses charged.

Thus, ground one should be dismissed as procedurally defaulted.

## 2. Ground two should be denied on the merits because the decision of the Ohio courts on this issue was not an unreasonable application of clearly established federal law.

Here, Mills seems to argue that while he may be guilty of involuntary manslaughter, he is not guilty of murder. To that end, he made an insufficiency of the evidence argument to the Ohio court of appeals as regards his conviction for both murder and involuntary manslaughter[73] and then to the Supreme Court of Ohio as an argument that there was insufficient evidence to show how Mills's action proximately caused the death of the decedent.[74]

Assuming that his arguments to the appeals court and then to the Ohio Supreme Court are the "same claim on the same theory," the appellate court analyzed the claim presented

---

[72] ECF # 9 at 18-19. The State also contends as an alternative argument that neither claim in ground one is a cognizable basis for relief. Because the procedural default is a sufficient basis for dismissing this ground, the alternative basis is not addressed.

[73] ECF # 9, Attachment at 13.

[74] *Id.* at 183.

-16-

to it as regards the murder conviction under the appropriate federal constitutional standard

of *Jackson v. Virginia* as follows:

[*P93] The predicate offense in the involuntary manslaughter charge was felonious assault which appellant does not contest. The bill of particulars filed August 25, 2010, as to the involuntary manslaughter count, alleged appellant solicited his sons to assist him in the assault, and encouraged and incited his sons to participate in the melee.[1] We find the above cited testimony is more than sufficient to sustain the aiding and abetting of involuntary manslaughter.

> [1]We note appellant was never charged with R.C. 2917.01, inciting to violence, as stated in appellee's brief at 21. Although appellant did not object, we note the trial court erred in so charging the jury. T. at 1293. However, we find the error to be harmless given the fact that the trial court merged the felony murder and involuntary manslaughter counts and sentenced appellant on the felony murder. Crim.R. 52(a); September 14, 2010 T. at 1374; Sentencing Entry filed September 14, 2010. In addition, aiding and abetting language parallels the language charged to the jury. See, ¶21, supra.

[*P94]  The predicate offense in the felony murder was also the felonious assault charge again, which appellant does not contest. the original disagreement with name calling and rock throwing was between Junior and appellant's boys. The boys went home and returned with appellant as their leader and undeniably the aggressor. As the cited evidence establishes, appellant came prepared for a fight. He flew through the field and confronted the Edwards Family with his two sons, each armed with a board. Appellant was holding his walking stick. He sized-up the Edwards Family and taunted Junior. He ignored his father's pleadings not to fight and did not tell his sons not to fight. By his actions, appellant sets forth in motion a sequence of events with foreseeable consequences that he should have known would result in someone's death. Jim's death was "natural and logical in that it was within the scope of the risk created by his [appellant's] conduct." *Dykas*, quoting *Losey*, supra. Kameron striking his grandfather wit the board and killing him was not extraordinary or surprising given the facts cited supra.

[*P95] Disregarding any character evidence presented, the overall tenor of the altercation was that appellant was the sole person in charge, initiated the return

to the Edwards's property, and did nothing to stop his boys from participating in the melee which ultimately resulted in Jim's death.

[*P96] Upon review, we find sufficient credible evidence of aiding and abetting felony murder and involuntary manslaughter, and no manifest miscarriage of justice.[75]

As the State notes, deference to this finding of the Ohio appeals court requires that it not be disturbed unless it is unreasonable. Here, while the existence of a dissent on the appeals court provides some basis for questioning that finding at the state court level, it provides no basis for concluding that it is objectively unreasonable. As such, I recommend denying ground two on the merits because it is not an unreasonable application of the clearly established federal law of *Jackson*.

**3.    *Ground three should be dismissed as procedurally defaulted.***

Ground three claims simply that Mills was "deprived of the assistance of counsel in all critical stages of his trial."[76]

First, as the State observes, this open-ended assertion of ineffective assistance of counsel has no specificity from which this Court may determine the exact manifestation of ineffective assistance giving rise to the present claim.[77] In this same situation Magistrate Judge Knepp recently stated:

> Although pro se filings are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92

---

[75] *Id.* at 128-29.

[76] ECF # 1 at 8.

[77] ECF # 9 at 21.

S.Ct. 594, 30 L.Ed.2d 652 (1972), a discrete set of rules governs federal habeas corpus proceedings brought by state prisoners, *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Habeas corpus pleadings must meet heightened pleading requirements. § 2254 Rule 2(c) of the Rules Governing Habeas Corpus Cases under § 2254 (Habeas Rules); *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Under Federal Civil Rule 8(a), a complaint need only gives fair notice of the claim, as long as the complaint plausibly indicates a claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, under Habeas Rule 2(c), the petition must "specify all grounds for relief and state the facts supporting each and every ground." *Mayle*, 545 U.S. at 655 (emphasis added). Notice pleading is not sufficient because the petition should indicate facts pointing to a sincere possibility of a constitutional error. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Habeas Rule 2(c) states the petition "**shall set forth in summary form the facts supporting each of the grounds thus specified**". ***Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir.1990)**. The habeas corpus rules do not require the federal courts to review the entire state court record of a petitioner to determine whether facts supporting the grounds exist. Id. Although courts should be lenient in their interpretation of pro se pleadings, the petitioner cannot place the onus of creating a federal claim on the reviewing court. *Burkey v. Deeds*, 825 F.Supp. 190, 193 (D.Nev.1993).

To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine "from the face of the petition alone" whether the petition merits further review. ***Adams*, 897 F.2d at 334**; see also *McFarland* 512 U.S. at 856. Failing to provide factual context in support of legal conclusions warrants dismissal of the petition. *Smith v. Haskins*, 421 F.2d 1297, 1298 (6th Cir.1970); *Gray v. Wingo*, 391 F.2d 268 (6th Cir.1967). In Smith, the petition contained legal conclusions without any supporting facts, such as "the trial judge committed prejudicial error" and "petitioner was denied the right to counsel at a police line-up". 421 F.2d at 1298. The court held the petition insufficient because the grounds stated did not provide any factual or circumstantial evidence to support its conclusions. *Id.*

Thus, consonant with the reasoning in *Jackson* quoted above, this claim is merely a legal conclusion outside of any factual context within which to evaluate it. As such, it does

not state a sufficient claim for habeas relief. While *Jackson* cites with approval to a case in this District which permitted a petitioner in this situation to amend the claim rather than face its dismissal for insufficiency, Mills has had more than a year to directly address the insufficient statement of this ground as pointed out by the State[78] but has done nothing to remedy it. In light of that history, and in accord with the rule developed in *Jackson* as to the necessity of providing an adequate factual basis for any habeas claim, ground three should be dismissed as inadequately presented.

Even if it is determined that there is an adequate factual basis for presenting this claim, it should be dismissed as procedurally defaulted. While Mills did present a single instance of alleged ineffective assistance to the Ohio appeals court – the failure to object to other acts evidence – that claim was not then presented to the Ohio Supreme Court.[79] As such, without any cause and prejudice analysis to excuse the default, or proof of actual innocence – neither of which conditions apply here, ground three should be dismissed as procedurally defaulted because Mills did not present the same claim through all stages of Ohio's appellate review process.

---

[78] *See*, ECF # 11 granting Mills until October 1, 2013, to file his traverse.

[79] As the State observes, the appellate review itself was under the plain error standard, which was utilized because the issue was procedurally defaulted for not being preserved at trial. *See*, ECF # 9, Attachment at 130-33. Plain error review, as the State notes, recognizes and enforces an existing procedural default. ECF # 9 at 21.

### 4.     *Ground four should be dismissed as procedurally defaulted*

Ground four, which claims that Mills should have received an instruction at trial on self-defense, is procedurally defaulted for the same reason as is true with ground three. First, the appeals court analyzed this claim on plain error review, thereby reinforcing the procedural default created by Mills's failure to object to the lack of such instruction at trial.[80] Further, and just as importantly, Mills failed to raise the issue of a defective jury instruction before the Supreme Court of Ohio on direct review. And, as was the case earlier, Mills has done nothing to excuse the procedural default by showing cause and prejudice, or by demonstrating actual innocence.

Ground four should be dismissed as procedurally defaulted.

### D.     **Evidentiary hearing**

As was noted above, Mills in his traverse has requested an evidentiary hearing. The purpose of such a hearing, according to Mills, is to develop a new argument that he was subject to double jeopardy as a result of being convicted for both murder and involuntary manslaughter.[81]

Evidentiary hearings in federal habeas matters are not for the purpose of holding what amounts to an initial appeal on a new issue. As the Supreme Court stated in *Cullen v. Pinholster*,[82] it would be contrary to the purpose of requiring petitioners to first exhaust

---

[80] *See*, ECF # 9, Attachment at 134.

[81] ECF # 15 at 5.

[82] *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388 (2011).

claims in the state court before seeking federal habeas relief if a petitioner were permitted to entirely bypass the state courts and introduce new evidence on a new argument to the federal habeas court, which would "be reviewed by that court in the first instance effectively *de novo*."[83]

Evidentiary hearings are, in fact, strictly limited to whether such a hearing would permit the petitioner to prove the factual allegations of the existing petition and thereby establish a right to relief.[84] Moreover, if the existing record precludes granting habeas relief, the district court need not agree to conduct an evidentiary hearing.[85]

Here, the double jeopardy argument – which Mills seeks to develop at an evidentiary hearing – was never first presented to an Ohio court. Consistent with the reasoning of the Supreme Court in *Pinholster*, it would be inappropriate and destructive of the federalism aims of the exhaustion requirement, to permit Mills to hold an evidentiary hearing on the new assertion that his convictions on both murder and involuntary manslaughter violate double jeopardy. Such an argument cannot be presented to this Court as an initial matter for its *de novo* consideration.[86] Moreover, to the extent that Mills seeks an evidentiary hearing as to any ground already asserted in the petition, such a hearing would be unnecessary in that, as noted above, all the grounds for relief advanced in the petition are either procedurally

---

[83] *Id.* at 1399.

[84] *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).

[85] *Id.*

[86] *Pinholster*, 131 S. Ct. at 1399.

defaulted (a situation that cannot be remedied by new evidence at a hearing) or can be denied on the existing record.

Accordingly, to the extent that Mills in his traverse seeks an evidentiary hearing on the grounds specified there, the motion should be denied.

## Conclusion

For the reasons stated, I recommend that the petition of John Mills for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated: December 24, 2014                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[87]

---

[87] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).