**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN MILLS, ) | CASE NO. 1:13CV1059 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CHRISTOPHER LAROSE, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner John Mills' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses in part and denies in part Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On May 7, 2010, Petitioner was indicted by the Richland County grand jury on one count of Aiding and Abetting Murder, one count of Aiding and Abetting Involuntary Manslaughter and two counts of Felonious Assault, one with Aiding and Abetting language and one without. A jury trial commenced on September 2, 2010. The jury found Petitioner guilty as charged except for the Felonious Assault count without the Aiding and Abetting language. The trial court merged the Murder and Involuntary Manslaughter convictions and sentenced Petitioner to an aggregate term of fifteen years to life in prison.

Petitioner filed an Appeal to the Fifth District Court of Appeals on October 11, 2009. On November 2, 2011, the Court of Appeals affirmed the judgment of the trial court. On December 19, 2011, Petitioner filed an Appeal in the Supreme Court of Ohio. On March 7, 2012, the Supreme Court of Ohio denied leave to appeal, dismissing the Appeal as not involving any substantial constitutional question. Petitioner filed three post-conviction motions that do not have any effect on the present federal Habeas Petition.

Petitioner filed the instant Petition on May 9, 2013, asserting the following grounds for relief:

**GROUND ONE:**
Supporting Facts: The petitioner is actual [sic] innocent of felony murder and of aiding and abetting involuntary manslaughter. The indictment and Bill of Particulars lack any predicate felony offense to convict of felony murder. The petitioner had no control over the perpetrator who acted against the victim.

**GROUND TWO:**
Supporting Facts: There is insufficient evidence to sustain the conviction of homicide/murder as the petitioner is in violation of involuntary manslaughter under Ohio law.

**GROUND THREE:**
Supporting Facts: The petitioner was deprived of the effective assistance of counsel in all critical stages of his trial.

**GROUND FOUR:**
Supporting Facts: The petitioner was prejudiced to a fair trial without receiving jury instruction to his self defense. The petitioner has a right to instruction on self defense.

On May 17, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on December 24, 2014. On January 7, 2015, Petitioner filed an Objection to Magistrates Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

3

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined that Grounds One, Three and Four are procedurally defaulted. Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims' merits will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In Ground One, Respondent asserts that neither the claim of actual innocence nor the assertion that the bill of particulars was defective in any way was presented to the Ohio courts during the direct review proceedings.

The Court agrees with the Magistrate Judge's conclusion that Petitioner has made no attempt to provide cause and prejudice to excuse the procedural default. Petitioner has failed to provide any new evidence of actual innocence that was not available at trial to excuse his procedural default. Therefore, Ground One is

4

procedurally defaulted.

In Ground Three, Petitioner claims that he was deprived of ineffective assistance of counsel at all stages of trial. Respondent asserts that the only basis Petitioner asserted on direct appeal involving ineffective assistance was specific to counsel not objecting to certain testimony of witnesses at trial. Petitioner did not assert the basis of Ground Three, or any other basis of ineffective assistance, on appeal to the Supreme Court of Ohio.

In his Objection to Magistrate's Report and Recommendation, Petitioner contends that Grounds One and Three should not be procedurally defaulted because the state abused its discretion at trial. Petitioner fails to put forth a clear argument to excuse the default or any proof of actual innocence in either the Petition or the Objection.

The Magistrate Judge correctly concluded that even if the Court determines there is an adequate factual basis for presenting this claim, it should be dismissed as procedurally defaulted. The Court agrees that without any cause and prejudice analysis to excuse the default, or proof of actual innocence, Ground Three is procedurally defaulted.

In Ground Four, Petitioner claims the jury should have received an instruction on self-defense. The Magistrate Judge determined that Petitioner failed to object to the lack of such instruction at trial, and failed to raise the issue on appeal to the Supreme Court of Ohio. The Court agrees that Petitioner has not provided any information to excuse the procedural default by showing cause and prejudice or by demonstrating actual innocence. Therefore, Ground Four is procedurally defaulted.

In Ground Two, Petitioner contends there was insufficient evidence to sustain the conviction of homicide/murder.  Petitioner presented this claim to the Court of Appeals and the Supreme Court of Ohio.  Respondent asserts that deference to this finding of the Court of Appeals requires that it not be disturbed unless it is unreasonable.

The Court of Appeals thoroughly analyzed this claim under the appropriate federal constitutional standard of *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560.  The Court of Appeals found that Petitioner's actions set forth the sequence of events that he should have known would result in someone's death, and found sufficient credible evidence to support the conviction.  The Appeals Court determined, and this Court agrees, that when viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The Court agrees with the Magistrate Judge that the Court of Appeals finding is not an unreasonable application of clearly established federal law.  Therefore, Ground Two is without merit and denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses in part and denies in part Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:2/18/2015
                                s/Christopher A. Boyko
                                CHRISTOPHER A. BOYKO
                                United States District Judge